### SHELP v. CLARK.

(Supreme Court, Appellate Term. May 27, 1909.)

WITNESSES (§ 268*)—CROSS-EXAMINATION—SCOPE.

S. assigned all her rights against defendant to plaintiff, and thereafter gave defendant a receipt for $125 "balance due." Subsequently an action was commenced, and S. testified that after the assignment she knew the claim did not belong to her, but accepted the $125 as part of a "new understanding." On cross-examination she was asked whether the new understanding was in substitution for any previous understanding. *Held* error to sustain an objection to the question.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 931–948; Dec. Dig. § 268.*]

Appeal from City Court of New York, Special Term.

Action by F. Leon Shelp against John S. Clark. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Logan, Demond, Hanford & Read (Charles M. Demond and Marshall Snyder, of counsel), for appellant.

Marsh, Winslow & Wever (W. L. Wemple and Charles Capion Marsh, of counsel), for respondent.

DAYTON, J. The uncontroverted facts are that Miss Sargeant on July 27, 1905, assigned all her rights against defendant to plaintiff, and on September 7, 1905, delivered to defendant the art education

books, and on the same day gave to defendant her receipt for $125, "the balance due on the sketches," etc., and that the summons in this action, dated August, 1905, upon a complaint verified August 3, 1905, was served September 8, 1905. Miss Sargeant testified that after the assignment she knew the claim no longer belonged to her but accepted the $125 as part of a new understanding. This explanation is irreconcilable with the language of the receipt, to wit, "the balance due on the sketches." On cross-examination she was asked:

"This new understanding was in substitution for any previous understanding, was it not? (Excluded. Exception.)"

This was error. The situation in which Miss Sargeant had placed herself entitled defendant to the fullest cross-examination. Much is sought to be made of the correspondence in evidence and notes at interview, but all of it is prior to the receipt dated September 7, 1905.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.